IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

In Re: TERENCE TERELL BRYAN,  )          C/A Nos.     4: 04-1851-TLW-TER
                    Plaintiff,          )                           4: 04-1852-TLW-TER
_____ )                           4: 04-1853-TLW-TER
                                                                          4: 04-1854-TLW-TER
                                                                          4: 04- 2363-TLW-TER
                                                                          4: 04-2364-TLW-TER
                                                                          4: 04-2365-TLW-TER
                                     REPORT AND          4: 05-0289-TLW-TER
                                     RECOMMENDATION     4: 05-1056-TLW-TER
                                                                          4: 05-1154-TLW-TER
                                                                          4: 05-1729-TLW-TER
                                                                          4: 05-1730-TLW-TER
                                                                          4: 04-1223-TLW-TER
                                                                          4: 05-2014-TLW-TER

Plaintiff, an inmate in the South Carolina Department of Corrections, initiated each of these

actions in state court. The complaints designate specific causes of action under state law but do not

designate causes of action based upon federal law. Nonetheless, defendants, assuming the assertion

of claims based on federal law, removed each of these actions to this court asserting jurisdiction

under 28 U.S.C. §§ 1331and 1343.[1]

Plaintiff has filed motions/documents in each of these cases denying the assertion of any

claims based on federal law. Thus, plaintiff argues, in effect, that the actions were improperly

removed and this court was without jurisdiction to receive the cases.

It is clear that plaintiff's complaints assert only causes of action under state law.[2] This is

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because
this is a dispositive motion, the report and recommendation is entered for review by the District
Judge.

[2] Various federal courts have held that the removal statutes are to be construed against
removal jurisdiction, and in favor of remand. *See*, *e.g.*, Cheshire v. Coca-Cola Bottling

made clear in his recent motions/documents filed. These cases do not involve a manipulation of the characterization of claims which defeat a party's attempt to avoid jurisdiction. See Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35 (E.D. N.C. 1992).[3]

In order to read plaintiff's complaints to assert federal causes of action, one must construe the allegations of the complaints to do so and plaintiff has made clear that he does not and did not assert causes of action based on federal law. Plaintiff should take note that taking such a position may have preclusive effects on his ability to assert any such claims in the future.

Based on the foregoing, it is recommended that each of these cases be remanded to the state court where they were originally filed.

Additionally, it is recommended that all outstanding motions in these cases be deemed moot if this Report and Recommendation is adopted by the District Judge.

---

Affiliated, Inc., 758 F. Supp. 1098, 1102 (D. S.C. 1990)(collecting cases); Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 436 (W.D. Va. 1990). Applicable case law and statutory law, including 28 U.S.C, § 1447(c), provide that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. See Buchner v. Federal Deposit Ins. Corp., 981 F.2d 816, 818 (5th Cir. 1993)("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."); Page v. Wright, 116 F.2d 449, 451-455 (7th Cir. 1940). Cf. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 n. 15 (1981)(jurisdictional ruling cannot be made prospective only). As a result, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court must still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction. In case 4:05-2014, even though plaintiff did not file a formal motion to remand, he did respond to the Court's initial Order in this case by clearly stating that he was only seeking to assert state causes of action in the underlying case. He also asked the Court to issue an order of remand in that response. However, even if there had been no such request in any of these cases, the undersigned could still remand the cases sua sponte if no federal jurisdiction is evident. See Williams v. AC Spark Plugs Div., 985 F.2d 783, 786 (5th Cir. 1993); see also 28 U.S.C. § 1447(c).

---

[3] There is no indication in the files that defendants sought a more definite statement under Rule 12(e) or that plaintiff has indicated through discovery or otherwise a position inconsistent with his recent motions/documents.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 18, 2005
Florence, South Carolina


**The parties' attention is directed to the important information on the attached notice.**

**<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>**

**<u>&</u>**

**The <span style="font-size:larger">Serious</span> Consequences of a Failure to Do So**

       The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

       During the ten-day period for filing objections, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied,* <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied,* 474 U.S. 1009 (1985). In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* <u>Wright v. Collins</u>, <u>supra</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**
